## ISAAC L. McKEE v. JULIA G. COFFEE, GUARDIAN.

1. APPEAL. *From order overruling demurrer. How taken.*
   Under sect. 2310 of the Code of 1880, the defendant in a case in chancery may appeal, as a matter of right, from an order overruling his demurrer to the bill, during the term at which it has been overruled; and under sect. 2317 of the same Code, the petition for such appeal should be addressed to the clerk of the court.

2. SAME. *From order overruling demurrer. Evidence as to when taken.*
   A demurrer in a case between certain parties was filed on one day, and on the next day an appeal-bond was filed by the defendant, and the clerk of the court indorsed thereon these words: "Approved by me in open court. J. E. Stone, clerk." *Held,* that these facts sufficiently show that the appeal was taken during the term at which the demurrer was overruled.

3. CHANCERY. *Jurisdiction. Infants. Improper conduct of tax-collector.*
   C., as guardian of certain minors, filed a bill in chancery against M., alleging substantially these facts: M., as sheriff and tax-collector, sold the land of the minors and bought it himself. In order to get it released from his claim, their guardian was compelled to pay M. twice as much as it had cost him. And previous to the sale of the land, M. levied upon and sold eight mules belonging to the minors, ostensibly for the purpose of paying their delinquent taxes for the year 1877; but before selling the mules he starved them for several days, so that they brought only a nominal price. The bill charged that M.'s purchase of the land was illegal, and in fraud of the rights of the complainant's wards, and claimed that he should be compelled to refund all the money he had received from the sale of the mules and for the release of the land, except an amount equal to that paid out by him for the taxes on the land, and asked that an account be taken to ascertain the amount due. *Held,* that the remedy at law is adequate, and the complainant is not entitled to any relief in chancery.

4. SAME. *Jurisdiction. Discovery.*
   A bill for discovery cannot be maintained where it shows that the complainant has full knowledge of the matters as to which discovery is sought.

Appeal from the Chancery Court of Tunica County.

Hon. J. B. Morgan, Chancellor.

Julia G. Coffee, as guardian of certain minors, filed a bill in chancery against Isaac L. McKee, alleging substantially these facts : McKee, as sheriff and tax-collector, sold certain described lands belonging to the complainant's wards for the taxes due thereon for the year 1877, and he himself became the purchaser thereof. And in order to get McKee to release the land from his claim thus acquired, the complainant, as guardian, has been compelled to pay to him a much larger sum of money than that paid out by him in his pretended purchase. Prior to the sale of the land, the defendant levied upon and sold eight mules belonging to the complainant's wards, ostensibly for the purpose of paying their delinquent taxes for the year 1877. He starved the mules for several days before selling them, and when sold they only brought a nominal price.

The bill charged that it was illegal for the defendant to purchase the land at the sale for taxes, and that it was a fraud upon the rights of the complainant's wards for him to do so. The prayer was that an account be taken to ascertain the difference between the amount of money received by the defendant from the sale of the mules and for the release of his claim on the land, and the amount paid out by him for the taxes due on the land, and that he be compelled to pay the difference between such amounts to the complainant, and for general relief. The defendant demurred to the bill, the demurrer was overruled, and he appealed. A supplemental statement of the case, as presented to this court, will be found in the opinion.

*V. B. Waddell,* for the appellant.

The appeal is properly taken. See Code, sects. 1952, 2310, 2322. This is not a case of which a court of chancery can properly take jurisdiction. It is an action arising *ex delicto,* and such cases have never been regarded as proper for the con-

sideration of a chancery court.   1 Story's Eq. Jur., sect. 74,. and also p. 71.

The charge that the sheriff became a purchaser at his own sale as tax-collector, falls of its own weight.   The tax-collector cannot purchase at his own sale.   *McLeod* v. *Burkhalter*, 57 Miss. 65.

The fraud alleged is not shown to be such as to require an answer.   But it is insisted that in every case in which a minor or an estate is concerned chancery has jurisdiction, under sect. 1834 of the Code of 1880.   The recent decision construing that statute, in the case of *Hunt* v. *Potter*, *ante*, p. 96, settles the point conclusively in this case.   This is an action of the fiduciary against an outside party, and is not within the jurisdiction of chancery as defined by said statute.

This is not a proper case, and there is no such fraud or necessity for an account as to warrant a chancery court to take jurisdiction.   *Morton* v. *Granada Academies*, 8 Smed. & M. 773 ; *Bell* v. *Henderson*, 6 How. 311 ; *Santacruz* v. *Santacruz*, 44 Miss. 714.

*V. B. Waddell* also argued the case orally.

*J. B. Perkins*, for the appellee.

1. The Chancery Court has jurisdiction in this cause because the complainants in interest are infants.   " This jurisdiction is protective."   *Johns* v. *Smith*, 56 Miss. 731 ; *Bacon* v. *Gray*, 23 Miss. 140 ; *Carmichael* v. *Hunter*, 4 How. 315 ; *Williams* v. *Duncan*, 44 Miss. 375 ; *Nelson* v. *Allen & Harris*, 1 Yerg. 360 ; Story's Eq. Jur., sect. 1334.

2. A tax-collector cannot legally purchase at his own sale. He occupies a position of trust, and a breach of this trust would give the court jurisdiction.   *McLeod* v. *Burkhalter*, 57 Miss. 65.

3. The bill seeks an account which could not well be adjusted in a court of law.

4. The allegations of the bill show fraud on the part of defendant in purchasing the land, and in his treatment and sale of the mules.

*Nugent & McWillie*, on the same side.

Appeals are not a matter of right, but are allowable only in cases provided for by statute, and then only on the terms prescribed by the statute. These terms must be strictly complied with, and are conditions precedent to the jurisdiction of the appellate court. *Bridges* v. *Supervisors*, 57 Miss. 254.

Sect. 2310, Code of 1880, corresponds with sect. 1256 of the Code of 1871, and under this last-named section this court has uniformly held that the appeal from a decree overruling a demurrer could only be granted by the Chancery Court, and that the bond could not be approved by the clerk in cases where it was required, without some express statute. Where a demurrer is overruled, the party demurring may appeal, but the appeal must be applied for and the bond given during the term of the Chancery Court at which the demurrer is overruled. In term-time the appeal must be applied for and granted by the court, and the appeal-bond approved by the court or chancellor. *Johnson* v. *Jones*, 51 Miss. 863. The clerk could not grant an appeal in such cases prior to the Code of 1880. Comparing these two provisions of the law, it would seem that in term-time the court must grant the appeal as well as approve the bond.

*W. L. Nugent*, of counsel for the appellee, argued the case orally.

Cooper, J., delivered the opinion of the court.

We are, asked by appellee to dismiss the appeal in this case because improperly taken. The objection made is, that it does not appear that the appeal was granted or the appeal-bond approved by the court below. Sect. 2310 of the Code of 1880 gives the right of appeal in all cases from decrees overruling demurrers, provided the appeal is applied for and bond given during the term of the Chancery Court at which the demurrer is overruled. Sect. 2311 provides for appeals to be granted by the chancellor, in term-time or vacation, from interlocutory orders or decrees. By sect. 2317 the manner of

obtaining appeals, other than those provided for by application to the chancellor,— i.e., appeals from interlocutory orders,— is stated to be by petition to the clerk of the court.   Sect. 2322 provides that no petition shall be necessary for the validity of an appeal, but that the filing of the record in the Supreme Court shall confer jurisdiction to try and dispose of the case, and that the appeal, when there is no petition, shall be considered as taken when the bond was filed.

The demurrer in this case was filed on the 4th of April, 1881; the appeal-bond was filed on the 5th, and is indorsed, "Approved by me in open court.   J. E. Stone, clerk."

We conclude that this approval of the bond in open court on the day succeeding the filing of the demurrer sufficiently shows the appeal to have been taken during the term at which the demurrer was overruled.   No order or act of the chancellor or court was necessary to the validity of the appeal; if there had been a petition for appeal presented, it would have been properly addressed to the clerk, under sect. 2317, because the appeal was a matter of right, under sect. 2310, and not one which the chancellor might or might not grant, under sect. 2311.

We are of opinion that the chancellor erred in overruling the demurrer.   The wrongs complained of are such as are constantly redressed by actions at law, and for which, except under peculiar circumstances, which are not shown to exist here, relief cannot be sought in equity.   It is apparent that the bill cannot be sustained as a bill for discovery, because, if for no other reason, the bill shows that complainant has full knowledge of the matters as to which discovery is prayed.

The decree overruling the demurrer is reversed, demurrer sustained, and bill dismissed.